UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT, ) | 1:07-cv-01729-AWI-TAG HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 17) |
| v. ) | |
| ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT (Doc. 11) |
| KEN CLARK, ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE FILE |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

On November 27, 2007, Petitioner filed the instant petition, challenging various losses of credits that have resulted in a postponement of the date he is considered eligible for release from prison. (Doc. 1). On January 24, 2008, the Court ordered Respondent to file a response. (Doc. 8). That same day, Petitioner filed with the Court a motion to expedite review of his petition. (Doc. 10). On March 24, 2008, Respondent filed a motion to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. 11).

Petitioner filed his opposition to the motion to dismiss on March 31, 2008 (Doc. 12), and

1  Respondent filed a reply to Petitioner's opposition on April 10, 2008.  (Doc. 13).  On July 24, 2008,
2  the Court denied Petitioner's motion to expedite proceedings.  (Doc. 16).  On August 7, 2008,
3  Petitioner filed the instant motion to voluntarily dismiss his petition without prejudice, indicating
4  therein that "[b]ased on the Court's most recent order of July 23, 2008 [sic] and the implications
5  therein, petitioner hereby moves this court for dismissal without prejudice of this case now pending
6  the same as recommended by respondent's motion to dismiss as the court did so duly note in same
7  said order."  (Doc. 17).

## DISCUSSION

9  Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without
10 leave of court before service by the adverse party of an answer or motion for summary judgment.
11 Fed. R. Civ. P. 41(a).  Otherwise, an action shall not be dismissed except "upon order of the court
12 and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  A motion
13 for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted
14 unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal.
15 See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); see also Stevedoring Svcs. Of America v.
16 Armilla Int'l B.V., 889 F.2d  919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to
17 permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be
18 prejudiced...or unfairly affected by dismissal.")  "[L]egal prejudice does not result merely because the
19 defendant will be inconvenienced by having to defend in another forum or where a plaintiff would
20 gain a tactical advantage by that dismissal.  Smith, 263 F.3d at 976.  Rather, legal prejudice is
21 "prejudice to some legal interest, some legal claim, some legal argument."  See Smith, 263 F.3d at
22 976.

23 Here, Respondent had filed an answer before Petitioner filed his request for dismissal.  No
24 stipulation for dismissal has been filed in this case.  See Fed. R. Civ. P. 41(a)(1).  Accordingly, the
25 motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion
26 unless Respondent will suffer legal prejudice thereby.  Smith, 263 F.3d at 975.  Certainly,
27 Respondent has already expended some effort in this case by filing a detailed motion to dismiss the
28 petition and also a reply to Petitioner's opposition to that motion to dismiss.  Nevertheless,

Respondent has not opposed Petitioner's motion for voluntary dismissal without prejudice and, indeed, the same result would obtain, i.e., dismissal of the petition, regardless of which motion to dismiss were granted. Accordingly, nothing in the present record suggests that Respondent would be legally prejudiced should the Court grant Petitioner's motion to dismiss. Although Petitioner is somewhat cryptic in his stated reasons for dismissal, nothing in the record now before the Court suggests that the dismissal is being sought for improper motives or to gain a tactical advantage. Rather, it appears to the Court that Petitioner has concluded that Respondent's motion to dismiss is likely to prevail and that dismissal without prejudice is his best course at this juncture.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to dismiss the petition without prejudice (Doc. 17), is GRANTED;
2. Respondent's motion to dismiss (Doc. 11), is DENIED as MOOT; and,
3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated:   December 22, 2008**                   **/s/ Anthony W. Ishii**
                                                CHIEF UNITED STATES DISTRICT JUDGE